UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA              CASE NO.  3:19-CR-00202-01

VERSUS                                JUDGE TERRY A. DOUGHTY

FLETCHER TERRELL MINOR (01)           MAGISTRATE JUDGE HAYES

MEMORANDUM ORDER

Before the Court is a Motion to Dismiss Supervised Release as Unconstitutional [Doc. No. 57] filed by Defendant, Fletcher Minor ("Defendant"). For the following reasons, the Motion is **DENIED**.

## I.    Background

Defendant was indicted on June 26, 2019, with violating Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), i.e., Felon in Possession of a Firearm.[1] On March 9, 2020, Defendant pled guilty to that charge.[2] On June 24, 2020, Defendant was sentenced to 120 months of imprisonment and 3 years of supervised release for his charge.[3] As such, Defendant remains imprisoned and is not yet on supervised release. Nevertheless, Defendant preemptively filed this Motion, arguing his supervised release sentence is unconstitutional because it violates "Article III, the Fifth, Sixth, and Eighth Amendments, the non-delegation doctrine, and the separation of powers."[4]

---

[1] [Doc. No. 1].
[2] [Doc. No. 26].
[3] [Doc. No. 41, pp. 2, 3].
[4] [Doc. No. 57, p. 1].

All relevant issues have been briefed, and the matter is ripe.

## II.    Law and Analysis

As a threshold matter, Defendant bears the "heavy burden" of proving his sentence is unconstitutional. *See Gregg v. Georgia*, 428 U.S. 153, 175 (1976) (plurality opinion). The Court analyzes Defendant's arguments in the order in which his Motion presented them.

### A.    Supervised Release does not Violate Article III

Article III limits federal courts' jurisdiction to resolving actual "cases" or "controversies." U.S. CONST. art. III. Defendant then cites *United States v. Johnson* wherein the Supreme Court held supervised release is distinct from imprisonment and does not begin until imprisonment has concluded. 529 U.S. 53 (2000). Defendant argues, therefore, supervised release "cannot fall within the scope of Article III judicial power."[5] He claims that his position is bolstered by a Fifth Circuit ruling that relies on *Johnson* and held "supervised release terminates at the expiration of the term."[6] He does not, however, cite the ruling. Even so, the above cases do not support Defendant's conclusion.

Simply put, Defendant argues that if a court lacks jurisdiction over supervised release at the expiration of the term of supervised release, it must "necessarily be limited while supervised release is ongoing" because supervised release "is administrative, not adjudicative."[7] Defendant misses the mark.

---

[5] [Id. at p. 2].
[6] [Id.].
[7] [Id.].

Under the statute, a "prisoner whose sentence includes a term of supervised release after imprisonment *shall be released . . . to the supervision of a probation officer who shall, during the term imposed, supervise the person* released to the degree warranted by the conditions specified by the sentencing court." 18 U.S.C. § 3624 (emphasis added). Courts only get involved, as always, when the offender violates the law. In this role, the Court serves as an adjudicator, not as an enforcer. Thus, even if the Court accepts Defendant's contentions, the relevant statute explicitly provides that the probation officer, who is administrative, supervises Defendant. Consequently, Defendant's first argument fails.

### B. Supervised Release does not Violate Due Process

The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Defendant argues supervised release deprives "individuals of liberty through reincarceration without affording them the full panoply of constitutional protections guaranteed in criminal proceedings."[8] Specifically, since supervised release revocations only require a "preponderance of the evidence" standard, Defendant argues they violate due process.[9]

In *Johnson v. United States*, however, the Supreme Court held that although supervised release "violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." 529 U.S. 694, 700 (2000)

---

[8] [Id.].
[9] [Id. at p. 3].

(citation omitted). And while criminal violations may be separately prosecuted, which results in double jeopardy issues, "treating post revocation sanctions as part of the penalty for the initial offense . . . avoids these difficulties." *Id.* Thus, the Supreme Court has foreclosed Defendant's Fifth Amendment-based argument.

### C.    Supervised Release does not Violate the Rights to a Jury Trial and Confrontation

Defendant likewise argues the supervised release regime violates the Sixth Amendment's right to a trial and confrontation.[10] To the extent Defendant argues supervised release violates the Jury Trial right, *Johnson* forecloses his argument for the same reasons provided above. *See id.* To the extent Defendant argues supervised release violates the right to confront and cross-examine testimonial evidence, his argument is foreclosed by the fact that he waived said rights as part of his plea agreement and had the opportunity to attack the Pre-Sentence Investigation Report prior to sentencing.[11] Accordingly, this argument fails too.

### D.    Supervised Release does not Violate Double Jeopardy

Defendant argues the supervised release regime also violates the Double Jeopardy Clause of the Fifth Amendment's bar on multiple punishments for the same offense.[12] He also notes that while courts "often claim that supervised release is 'part of the original sentence,'" the opposite is true in practice.[13]

---

[10] [Id.].
[11] [Doc. Nos. 28; 28-1].
[12] [Doc. No. 57, p. 4].
[13] [Id.].

The Fifth Circuit says otherwise. *See United States v. Wittie*, 25 F.3d 250, 255 (5th Cir. 1994), *aff'd sub nom. Witte v. United States*, 515 U.S. 389 (1995) ("If the legislature intended to impose multiple punishments for the same offense, imposition of such sentences does not violate the Constitution. The purpose of the Double Jeopardy Clause in the multiple punishments context is to ensure that the punishment assessed does not exceed that authorized by the legislature[.]"). Thus, caught between Defendant's position and *Wittie*, this Court follows the binding Fifth Circuit precedent. As such, Defendant's double jeopardy argument also fails.

### E.    Supervised Release does not Inflict a Cruel and Unusual Punishment

The Eighth Amendment prohibits cruel and unusual punishments. *See* U.S. CONST. amend. VIII. Defendant argues his supervised release violates this provision because it has "open-ended" conditions that are "vague, arbitrary, and unrelated to the underlying offense."[14] Once again, the Court disagrees.

Start with Defendant's offense—possession of a firearm by a felon.[15] The mandatory conditions of supervised release require Defendant to not commit another crime, not unlawfully possess a controlled substance (which is a crime), not unlawfully use a controlled substance (also a crime), and cooperate with collection of his DNA (to ensure he has not done any of the above-listed).[16] All of these are unambiguous, related to the underlying offense, and, therefore, also not arbitrary.

---

[14] [Id.].

[15] [Doc. No. 41, p. 1].

[16] [Id. at p. 3].

Now turn to the standard conditions. These can be summarized as (1) notifying probation officers about Defendant's whereabouts and activities and (2) following directions provided by the probation officer.[17] These conditions while numerous, are highly specific and reiterate the idea that Defendant's initial release from prison will be "supervised," ergo the name "supervised release." All these conditions ultimately ensure Defendant does not commit another crime. As such, they are related to the underlying offense.

Finally, there are the special conditions. The first requires Defendant to enroll in a substance abuse treatment program and follow its rules and regulations.[18] The second requires Defendant to abstain from alcohol during while on supervised release.[19] Both conditions were imposed based on information, that Defendant provided, in the Pre-Sentence Investigation Report.[20] As such, these conditions too are tailored, measured, and, therefore, permissible. Accordingly, none of the supervised release conditions are problematic, and, therefore, Defendant's Eighth Amendment-based challenge also fails.

F.    **Supervised Release does not Violate the Non-Delegation Doctrine**

Defendant argues that since the Constitution vests executive power in the executive branch, the supervised release regime unconstitutionally delegates executive functions to the judiciary because courts supervise defendants. Not so.

---

[17] [Id.].
[18] [Id. at p. 4].
[19] [Id.].
[20] [Id.].

As stated earlier, a "prisoner whose sentence includes a term of supervised release after imprisonment *shall be released . . . to the supervision of a probation officer who shall, during the term imposed, supervise the person* released to the degree warranted by the conditions specified by the sentencing court." 18 U.S.C. § 3624 (emphasis added). Thus, probation officers, who are part of an administrative agency (U.S. Probation and Pretrial Services System), oversees a defendant's supervised release. And the Court only gets involved when defendants violate their supervised release, which is unlawful. Therefore, the Court only retains traditional judicial functions in this avenue.

### G.    Supervised Release does not Stretch Article III Jurisdiction

Finally, Defendant argues a federal court's jurisdiction "over a criminal case concludes once [the] final judgment is entered *and the sentence is carried out.*"[21] Defendant's own words compel the Court to rule against him. Defendant was sentenced to 120 months of imprisonment and 3 years of supervised release in this case on June 24, 2020.[22] That means Defendant has not finished his term of imprisonment let alone his term of supervised release. Thus, the sentence has not been "carried out."

Setting that aside, Defendant cites *United States v. Hernandez-Quintania*, 874 F.3d 1123 (9th Cir. 2017), to argue that "supervised release stretches the jurisdiction of federal courts beyond constitutional limits.[23] As a threshold matter, Ninth Circuit

---

[21] [Doc. No. 57, p. 5 (emphasis added)].
[22] [Doc. No. 41, pp. 2, 3].
[23] [Doc. No. 57, p. 5].

precedent is non-binding in this Court. Even so, *Hernandez-Quintania* holds no language that even remotely supports Defendant's contentions. As a result, the Court concludes this argument also fails.

To sum, none of Defendant's arguments, suggesting supervised release is incantational, lack any merit. As such, he has not met the "heavy burden" of proving his sentence is unconstitutional. *Gregg*, 428 U.S. at 175 (plurality opinion).

## III.    Conclusion

For all these reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss Supervised Release as Unconstitutional [Doc. No. 57] is **DENIED**.

MONROE, LOUISIANA, this 9th day of March 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE